IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MEREDITH McCONNELL,<br>BARBARA MARY DAYCHIEF and<br>SHERYL LYNN LAWRENCE,<br><br>Defendants. | CR 19-90-BLG-SPW<br><br>ORDER |

This matter comes before the Court on Defendant Barbara May Daychief's Reply Brief in Support of Joinder re: McConnell's Motions to Dismiss, Strike and Sever, filed August 31, 2020. (Doc. 118). In her reply, Daychief raised a new argument to support the dismissal of Count VIII of the Indictment. The United States filed a response to Daychief's argument on November 1, 2020. (Doc. 132). The matter is now deemed fully briefed and ripe for resolution.

**I.     RELEVANT BACKGROUND**

   **a. Factual Background**

1

Meredith McConnell and Barbara Daychief were charged via a federal grand jury indictment on July 11, 2019 with Theft from a Program Receiving Federal Funds, Wire Fraud, False Claims, and Misprision of a Felony. (Doc. 1). Several months later, the grand jury issued a superseding indictment on January 9, 2020 adding Sheryl Lawrence as a defendant and dropping several charges. The Defendants are now charged with Theft from a Program Receiving Federal Funding (Count I), Wire Fraud (Count II), False Claims as to Defendant Lawrence (Count III), False Claims as to Defendant McConnell (Count IV), False Claims as to Defendant Daychief (Counts V-VII), and Misprision of a Felony (Count VIII). (Doc. 53).

The charges stem from several payments the Defendants received for trainings and business trips associated with the organization the Montana Native Women's Coalition ("MNWC"). The Superseding Indictment alleges that these payments were fraudulently induced by the Defendants as members of MNWC's board. Specifically, the Superseding Indictment states "[defendants] committed and facilitated travel fraud, received travel payments on non-approved trips, including to Las Vegas, received and authorized double-payment for 'days in service,' authorized unapproved construction projects, and took and authorized

2

other benefits that members of the Montana Native Women's Coalition were not allowed to approve and entitled to receive." (Doc. 53 at 6).

### b. Procedural Background

On August 10, 2020, Defendant Meredith McConnell filed several motions to dismiss various counts in the indictment. (Docs. 94-100). Relevant to this order, McConnell argued that Count VIII of the Indictment (misprision of felony) should be dismissed as duplicitous under Fed. R. Crim. P. 8(a) and 12(b)(3). (Doc. 96 at 1; Doc 96-1 at 5)[1]. McConnell also argued that Count VIII must be dismissed for failure to include an essential element of the crime. (Doc. 96-1 at 9). Defendant Daychief submitted a notice of joinder in McConnell's motions that same day. (Doc. 101).

On August 24, 2020, the United States responded to the motions to dismiss filed by McConnell. (Doc. 109).

On August 31, 2020, Daychief filed a reply to the United State's response in which she raised a new argument for dismissal of Count VIII. (Doc. 118). The Court requested a response from the Government addressing the merits of

---

[1] McConnell's Motion listed Counts I, II, and III as the duplicitous counts. However, her supporting brief argued that Counts I, II, and VIII (misprision of felony) were the duplicitous counts. The Court therefore considered McConnell's Motion as an argument for dismissal of Count VIII.

3

Daychief's new argument on October 21, 2020. (Doc. 131). The Government filed its response on November 1, 2020. (Doc. 132).

On November 5, 2020, the Court issued an order resolving McConnell's motions to dismiss but reserved ruling on Daychief's new argument. (Doc. 133).

## II.  DISCUSSION

Daychief argues that Count VIII must be dismissed because it unconstitutionally requires the defendants to report their own criminal conduct to the authorities. Count VIII charges all three defendants with misprision of felony because the defendants, "having knowledge of the actual commission of a felony cognizable by a court of the United States, concealed and did not as soon as possible make known the same to some judge and other person in civil authority under the United States . . . ." (Doc. 53 at 10). Count VIII goes on to list those crimes:

> . . . committed and facilitated travel fraud, received double payments for meals, received travel payments on non-approved trips, including to Las Vegas, received authorized, and obtained double-payment for 'days in service,' authorized unapproved construction projects, took and authorized other benefits that members of the Montana Native Women's Coalition were not entitled to receive . . . .

(*Id.*) The indictment lists all three defendants, Sheryl Lawrence, Meredith McConnell, and Barbara Daychief, as having knowledge of the commission of the felonies, but also lists all three defendants as having committed those felonies. This lack of distinction, Daychief argues, is unconstitutional as each defendant is apparently charged with not reporting their own felonies. Citing primarily to *U.S. v. King*, 402 F.2d 694 (9th Cir. 1968), Daychief asserts Count VIII is a violation of the defendants' Fifth Amendment right against self-incrimination and must be dismissed.

In *King*, the Ninth Circuit Court of Appeals reversed the defendant's conviction for knowingly and willfully concealing information about a bank robbery. 402 F.2d at 697. During the non-jury trial, the government introduced evidence that King was present in the apartment when King's brother and two other accomplices discussed robbing the bank. King was also at the apartment when the trio returned from robbing the bank. One of the accomplices admitted to robbing the bank in front of King and King's brother gave the defendant some of the money from the robbery. *Id.* at 695. The government argued that accepting money from the bank robbery and failing to notify law enforcement of the identity of the bank robbers constituted affirmative steps towards concealing the crime. *Id.*

at 696. According to the Ninth Circuit, if the Government's argument was correct, then King had reason to fear that a disclosure of the information would lead to criminal charges as an aider and abettor after the fact. *Id.* at 697. The Ninth Circuit stated,

> [t]he privilege guaranteed by the Fifth Amendment not only extends to statements that would in themselves support a conviction but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the individual for a crime, provided such individual had reasonable cause to fear he might thereby be convicted of that crime.

*Id.* The Fifth Amendment therefore prohibited King's conviction as unconstitutional when the defendant would be required to report information reasonably likely to lead to his own conviction. *Id.*

The Government argues that the scenario in *King* does not apply here. For one, the Government is not seeking charges against the defendants for failure to report their own crimes. Count VIII charges each defendant with failure to report the crimes of the other two defendants and the Government states it will refrain from asking the defendants about their own conduct. The Government supports this argument by citing to *United States v. White Eagle*, 721 F.3d 1108 (9th Cir. 2013). In *White Eagle*, the Ninth Circuit rejected the defendant's argument that her misprision of felony conviction violated her Fifth Amendment rights because

6

White Eagle was convicted for failure to report a third party's criminal activity and it was unreasonable to believe that disclosure of the activity would lead to the discovery of White Eagle's own felonious conduct. 721 F.3d at 1121.

Additionally, as pointed out by the Government, both *King* and *White Eagle* are distinguishable from the present circumstances. Both cases proceeded to trial where a full factual record developed to flesh out the circumstances under which the defendant actively concealed or failed to report information about the commission of a crime. This factual record proved crucial to the holding of both cases as it allowed the courts to examine the causal chain of evidence and determine the reasonableness of the defendants' fear of criminal prosecution. *See King*, 402 F.2d at 697 ("In our opinion, defendant had reasonable cause to believe that, if he had reported to the authorities the information concerning the robbery . . . he would be prosecuted . . . The disclosure of his presence at the two meetings would have been a most important link in the chain of Government evidence . . . ."); *White Eagle*, 721 F.3d at 1121 ("It is true . . . that disclosure of Greybull's fraud might have led to an audit that might have exposed other frauds, which might in turn have implicated White Eagle. However . . . Menz's complaint had already triggered an OIG investigation . . . so discovery was by no means assured . . . .").

7

Here, no such factual record exists as Daychief raises her Fifth Amendment argument on a pre-trial motion to dismiss. The Ninth Circuit has established a low bar for criminal indictments to meet in order to survive a motion to dismiss. "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge . . . ." *United States v. Buckley*, 689 F.2d 893, 896 (9th Cir. 1982). A court must look to whether the indictment meets this minimal constitutional standard, not to whether the indictment could have been worded in a more agreeable manner. *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000). Further, the Court's review is restricted to the four corners of the indictment itself and the information contained in the indictment must be taken as true. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). A motion to dismiss is not a substitute for a motion for summary judgment. A court may decide a motion to dismiss before trial if the motion involves questions of law rather than facts. *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

Based on the foregoing, the Court agrees with the United States that Daychief's argument for dismissal of Count VIII is premature and unpersuasive. The Court previously determined Count VIII meets the minimal constitutional

requirements of alleging the essential elements of misprision of a felony and fairly informing the defendants of the charge. (Doc. 133 at 16-17). While the Court does not believe Count VIII is a model of clarity, it is not the Court's place to rewrite a criminal indictment. To reach the merits of Daychief's argument, the Court would have to go beyond the four corners of indictment and examine a causal chain of evidence which does not yet exist. The Court simply cannot determine at this time whether Daychief's fear of prosecution from the disclosure of information Daychief may or may not have known was reasonable. Therefore, because the Court finds that Count VIII meets the minimal constitutional requirements of a plain, concise, and definite written statement of the offense charged, the Court rejects Daychief's Fifth Amendment argument as premature.

## III. CONCLUSION

IT IS HEREBY ORDERED that the new argument raised in Defendant Daychief's Reply Brief (Doc. 118) is rejected and the Motion to Dismiss Count VIII on those grounds is DENIED.

DATED this 16th day of December, 2020.

SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE